UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IMRAN JAVIER TORRES
VALDES,

        Petitioner,

    v.                                          Case No.:  2:26-cv-00786-SPC-NPM

KRISTI NOEM *et al.*,

        Respondents,

                               /

## OPINION AND ORDER

Before the Court is Imran Javier Torres Valdes's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Torres Valdes's reply (Doc. 5).  For the below reasons, the Court grants the petition.

Torres Valdes is a native and citizen of Cuba who entered the United States on August 23, 2022, and was arrested by U.S. Customs and Border Patrol ("CBP").  The next day, a CBP agent issued a Notice to Appear and a Notice of Custody Determination, which states that Torres Valdes will be released on his own recognizance and under conditions "pending a final administrative determination in [his] case."  (Doc. 4-1 at 10).  Since then, Torres Valdes has applied for asylum and received work authorization.  He has no criminal record.

On February 28, 2026, a Polk County sheriff's deputy arrested Torres Valdes during a traffic stop and turned him over to Immigration and Customs Enforcement ("ICE").    ICE initially detained Torres Valdes at Alligator Alcatraz, but he is now at the California City Corrections Center.    Torres Valdes claims his detention violates the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedures Act.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225(b)(2) and is not eligible for release or a bond hearing.    As the respondents acknowledge, the Court rejected their arguments in cases that presented similar issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile.    And like the petitioners in those cases, § 1225(b)(2) does not mandate Torres Valdes's detention because he was arrested years after he entered the country.[1]

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. 2026), which agreed with the government's

Noncitizens detained under § 1226(a) have a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). The Court would normally order the respondents to bring Torres Valdes before an immigration judge for a bond hearing, but that is not necessary here. DHS already issued a custody determination—it found Torres Valdes would be released on his own recognizance pending a final administrative determination of his case. (Doc. 4-1 at 10). The respondents do not claim he violated any of the conditions or otherwise argue why a bond hearing would be appropriate after DHS determined Torres Valdes should be released pending a decision in his removal case.

Accordingly, it is hereby

**ORDERED**:

Imran Javier Torres Valdes's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

---

interpretation of the INA. The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

(1)    The respondents shall release Torres Valdes within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 1, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

4